**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CINDY KROTH, an individual, | § <br> § <br> § | CIVIL ACTION NO. |
| Plaintiff, | § <br> § | PLAINTIFF'S COMPLAINT FOR |
| v. | § <br> § <br> § | COPYRIGHT INFRINGEMENT |
| MINDY BAUKNECHT, | § <br> § | Jury Trial Demanded |
| Defendant. | § <br> § <br> § | |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT**

COMES NOW, CINDY KROTH, for her Original Complaint for copyright infringement and prays to this honorable Court for relief based on the following:

**I.   JURISDICTION AND VENUE**

1.   This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.   This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.   Plaintiff, Cindy Kroth ("Kroth") is an individual residing in Harris County, Texas.

5.   Plaintiff is informed and believes and thereon alleges that Defendant Mindy Bauknecht is an individual and may be served with process at 2530 Riverhills Rd, Two Rivers,

1

Wisconsin 5424.  Upon information and belief, Defendant offers for sale and sells goods and/or services into the State of Texas and this District.

## CAUSES OF ACTION

**Direct Copyright Infringement**

6.      Plaintiff is the owner of U.S. Copyright Registration No. TXU2400683 (the "'683 Registration) entitled "Elephant Story".  The work consists of original work of authorship ("Work").  The '683 Registration was registered with the United States Copyright Office on November 1, 2023. A copy of the '683 Registration with the corresponding Work is attached hereto as Exhibit A.  Plaintiff is the sole owner of the exclusive rights in the '683 Registration.

7.      Around October 2024, Plaintiff discovered that Defendant was displaying and offering for sale items on various Internet platforms that contained identical text as Plaintiff's Work that is the subject of the '683 Registration.  *See* Exhibit B (Defendant's Internet listing for sale).

8.      Plaintiff is informed and believes and thereon alleges that Defendant had access to Plaintiff's Work, including, without limitation, through Plaintiff's online listings of the Work for sale, it's website and/or social media accounts.

9.      Plaintiff is informed and believes and thereon alleges that Defendant copied and posted images of Plaintiff's Work in association with Internet listing of products for sale without Plaintiff's authorization or consent. At no time did Plaintiff give Defendant permission to use, display and/or offer the Work for sale.

10.      Due to Defendant's acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

11.     Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained profits she would not otherwise have realized but for their infringement of Plaintiff's Work. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to the infringement of Plaintiff's Work in an amount to be established at trial.

12.     Plaintiff is informed and believes and thereon alleges that Defendant has committed copyright infringement with actual knowledge or reckless disregard of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

13.     Thus, Plaintiff can demonstrate that Defendant copied and distributed Plaintiff's works without authorization.

14.     Defendant's infringement was continuous and ongoing.

15.     Plaintiff owns the copyright to the Work and the Work was registered with the United States Copyright Office prior to the discovery of Defendant's infringement.

16.     Plaintiff seeks statutory damages, attorneys' fees, and costs under 17 U.S.C. § 501 of the United States Copyright Act.

### JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court enter judgement as follows:

a.  That Defendant—and her respective agents and servants be enjoined from directly or indirectly infringing in any manner any of Plaintiff's copyrights or other exclusive rights (whether now in existence or hereafter created) in the Work;

3

b.  That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, the exact

sum to be proven at the time of trial, or, if elected before final judgment, statutory

damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c.  That Plaintiff be awarded her attorney's fees as available under the Copyright Act

U.S.C. § 101 *et seq.*;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems

proper.

Dated: October 24, 2024                          Respectfully Submitted,


By: */s/ Paul S. Beik*
PAUL S. BEIK
Texas Bar No. 24054444
**BEIK LAW FIRM, PLLC**
917 Franklin Street, STE 220
Houston, TX 77002
T: 713-869-6975
F: 713-583-9169
E-mail: paul@beiklaw.com
ATTORNEY FOR PLAINTIFF

***Attorney for Plaintiff***

4